Filed 4/28/16  P. v. Phillips CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM ANDREW PHILLIPS,<br><br>    Defendant and Appellant. | G050709<br><br>(Super. Ct. No. 13CF1276)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Defendant William Andrew Phillips was convicted of two counts of resisting an executive officer by use of force, a felony. (Pen. Code, § 69.)[1] He contends the trial court was required to instruct on the lesser included offense of misdemeanor resisting or obstructing a police officer. (§ 148, subd. (a)(1).) The Attorney General concedes the court should have so instructed the jury, but argues the invited error doctrine bars defendant's argument. We agree with the Attorney General that counsel's decision not to request an instruction on the lesser included misdemeanor reflected a deliberate and tactical choice, and the trial court's failure to instruct was invited error. We therefore affirm the judgment.

I

FACTS

Because the issue on appeal is very limited, we need not delve into the facts of the case. In August 2013, defendant was charged with two counts of aggravated assault on a peace officer (§ 245, subd. (c)); two counts of resisting and deterring an executive officer (§ 69); possession of methamphetamine (Health & Saf. Code, § 11377, subd (a)); and two counts of aggravated assault (§ 245, subd. (a)(1)). He was also alleged to have served six prior prison terms. (§ 667.5, subd. (b).) The charges all related to an incident in Santa Ana that occurred on November 27, 2012.

Defendant was convicted of the two counts of resisting an executive officer by use of force and for possession of methamphetamine and was found not guilty on the remaining four charges. The trial court subsequently found the prison priors true. Defendant was sentenced to five years in prison, comprised of two years for one of the resisting counts, plus one year for each of the three prison priors. The court imposed

---

[1] Subsequent statutory references are to the Penal Code.

concurrent terms for the second resisting count and the methamphetamine possession count.

During trial, the court had a discussion with counsel on jury instructions. The court noted, with respect to the relevant charges: "The prosecution's theory is that [defendant] resisted arrest, and the court does not believe that there was any evidence to support trying to prevent an executive officer from performing duty. Any thoughts?" Both the prosecutor and defense counsel stated: "Submitted." The court then stated it would instruct with CALCRIM No. 2652 on felony resisting arrest.

Later, before instructing the jury, the court sought to clarify: "[Defense counsel], I neglected to put on the record earlier that you are not requesting any misdemeanor lesser included offenses. The court thinks that any lesser included misdemeanors are barred by the statute of limitations.[2] However, the court would be inclined to give those instructions if the defense were to waive the statute of limitations on any misdemeanor lesser included offenses." Defense counsel replied: "Your honor, I am not asking for those lesser included misdemeanors." Counsel clarified that he was not inclined to waive the statute of limitations.

Defendant now appeals.

## II

## DISCUSSION

The only issue on appeal is whether the court erred by failing to instruct the jury, sua sponte, on the misdemeanor lesser included offense of resisting or obstructing a peace officer,[3] and if so, whether reversal is required.

---

[2] The court was incorrect. The incident took place in November 2012, and defendant was charged in August 2013. The misdemeanor offenses would have had a one-year statute of limitations. (§ 802, subd. (a).)

[3] Defendant requested judicial notice of the records in a related appeal, but subsequently abandoned that appeal. The request is therefore denied as moot.

Defendant argues, and the Attorney General concedes, that in this instance, the misdemeanor crime of resisting or obstructing a peace officer (§ 148, subd. (a)(1)), was a lesser included offense of the felony (§ 69). We agree and accept the concession. The only other question, then, is whether defendant's argument that reversal is required is barred by the invited error doctrine.

"[A] defendant may not invoke a trial court's failure to instruct on a lesser included offense as a basis on which to reverse a conviction when, for tactical reasons, the defendant persuades a trial court not to instruct on a lesser included offense supported by the evidence. [Citations.] In that situation, the doctrine of invited error bars the defendant from challenging on appeal the trial court's failure to give the instruction." (*People v. Barton* (1995) 12 Cal.4th 186, 198.)

Also relevant here is the precept that a trial court has no duty to instruct on time-barred lesser included offenses unless the defendant waives the statute of limitations. (*People v. Greenberger* (1997) 58 Cal.App.4th 298, 374.) The trial court, as noted above, apparently believed that the statute of limitations had run on the misdemeanor lesser included offenses. (See *ante*, fn. 2.) But the invited error doctrine applies even when counsel misapprehends the relevant law. (*People v. Cooper* (1991) 53 Cal.3d 771, 830.) The only other possibility is that defense counsel knew the trial court was mistaken, but chose not to speak up. It would be absurd *not* to apply the invited error in such a scenario. (See, e.g., *People v. Wickersham* (1982) 32 Cal.3d 307, 335 ["The issue centers on whether counsel deliberately caused the court to fail to fully instruct, not whether counsel subjectively desired a certain result. The error, in other words, must be 'invited'"], disapproved on another point in *People v. Barton, supra*, 12 Cal.4th at p. 201.)

Thus, we are left with the question of whether defense counsel "made a conscious tactical choice" not to request instructions on the lesser included offenses. (*People v. Cooper, supra,* 53 Cal.3d at p. 831.) Defendant cites *People v. Valdez* (2004)

32 Cal.4th 73 (*Valdez*), for the proposition that when the record is ambiguous as to whether defense counsel's purpose was a deliberate and tactical one. In *Valdez,* the court instructed the jury on first degree felony murder and the definition of murder. Counsel "advised the court that after consulting with defendant he did not want the jury instructed on lesser included offenses." (*Id.* at p. 115.) On review, the Supreme Court refused to find invited error because the record was ambiguous regarding which instructions counsel was referring to – solely to voluntary and involuntary manslaughter instructions, or instructions on *all* lesser included offenses. (*Id.* at pp. 115-116.)

Here, the court stated it "would be inclined to give those instructions if the defense were to waive the statute of limitations on any misdemeanor lesser included offenses." The defendant argues that counsel's statement that "I am not asking for *those* lesser included misdemeanors" (italics added) was ambiguous because nearly all the crimes defendant was charged with had possible lesser included offenses. We disagree. Unlike in *Valdez*, where the single murder charge had numerous possible lesser included offenses for the same count, none of the crimes charged here had more than one relevant lesser included offense. In context, and particularly given the earlier discussion between counsel and the court on this very issue, it was clear that defense counsel was stating that he did not want lesser included instructions given on *any* of the offenses.

This expresses a deliberate, tactical choice. The reason for such a choice is obvious – to avoid a compromise verdict and force the jury to decide between the greater offense or acquittal. (See, e.g., *People v. Barton, supra*, 12 Cal.4th at p. 204; *People v. Lara* (1994) 30 Cal.App.4th 658, 674; *People v. Duncan* (1991) 53 Cal.3d 955, 969-970.) Counsel's strategy paid off in a number of respects, obtaining acquittals on four of the seven counts, all of which had lesser included misdemeanors. Thus, counsel's decision was not only deliberate, it was certainly within the realm of reason. Accordingly, the invited error doctrine bars any claim that the court's failure to instruct the jury on the lesser included misdemeanors constitutes reversible error.

### III

### DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.